UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

AARON EVANS,

       Plaintiff,

       v.

CAROLYN W. COLVIN,
Commissioner of Social Security
Administration,

       Defendant.

No.  2:12-CV-05061-RHW

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND ORDER OF REMAND**

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 16, 19. D. James Tree represents Plaintiff Catherine M. Williams. Assistant United States Attorney Pamela J. DeRusha and Special Assistant United States Attorney Daphne Banay represent the Defendant Commissioner of Social Security (the "Commissioner"). Plaintiff brings this action seeking judicial review under 42 U.S.C. § 405(g) of the Commissioner's final decision, which denied his applications for disability insurance benefits ("DIB"), a period of disability, and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (the "Act"). After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND ORDER OF REMAND ~ 1**

Court grants Plaintiff's Motion for Summary Judgment, and directs entry of judgment in favor of Plaintiff.

## I.    Jurisdiction

Plaintiff filed an application for DIB and period of disability on August 27, 2008 and for SSI on September 2, 2008, alleging disability beginning on April 30, 2007. Tr. 19. After benefits were denied initially on April 1, 2009, and upon reconsideration on September 25, 2009, Plaintiff requested a hearing before an administrative law judge (hereafter "ALJ"). Tr. 19. Plaintiff appeared with counsel via video conference from Kennewick, Washington, and testified at a hearing held November 18, 2010 with the ALJ in Spokane, Washington. Tr. 16-37. ALJ, Marie Palachuk, presided over the hearing. Tr. 16. In addition, impartial medical experts, Daniel Wiseman, M.D., and R. Thomas McKnight, Ph.D., testified along with impartial vocational expert, K. Diane Kramer. Tr. 19. The ALJ issued a decision denying benefits on December 3, 2010. Tr. 19-37. Thereafter, the Appeals Council denied review on March 10, 2012, which made the ALJ's decision the Commissioner's final decision and subject to judicial review. Tr. 1-5. Thus, Plaintiff's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II.    Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if his impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND ORDER OF REMAND ~ 2**

The Commissioner established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920; *Lounsburry v. Barnhart,* 468 F.3d 1111, 114 (9th Cir. 2006).

**Step 1:** Is the claimant engaged in substantial gainful activities?  20 C.F.R. §§ 404.1520(b), 416.920(b).  Substantial gainful activity is work done for pay and requires compensation above the statutory minimum.  20 C.F.R. §§ 404.1574, 416.972; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. §§ 404.1571, 416.920(b). If he is not, the ALJ proceeds to step two.

**Step 2:** Does the claimant have a medically-severe impairment or combination of impairments?  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. §§ 404.1508-09, 416.908-09.  If the impairment is severe, the evaluation proceeds to the third step.

**Step 3:** Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity?  20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

**Step 4:** Does the impairment prevent the claimant from performing work she has performed in the past? 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant is able to perform his previous work, she is not disabled.  *Id.*  If the claimant cannot perform this work, the ALJ proceeds to the fifth and final step.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND ORDER OF REMAND ~ 3**

**Step 5:** Is the claimant able to perform other work in the national economy in view of his age, education, and work experience?  20 C.F.R. §§ 404.1520(f), 416.920(f).

The claimant bears the burden of proof at steps one through four as detailed above. *Molina v. Astrue,* 674 F.3d at 1104, 1111 (9th Cir. 2012); *Lockwood v. Comm'r of Soc. Sec. Admin.,* 616 F.3d 1068, 1071 (9th Cir. 2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c); 416.960(c)(2); *Beltran v. Astrue,* 676 F.3d 1203, 1206 (9th Cir. 2012).

Additionally, Plaintiff has the burden of showing that drug and alcohol addiction ("DAA") is not a contributing factor material to disability. *Ball v. Massanari*, 254 F.3d 817, 823 (9th Cir.2001). The Social Security Act bars payment of benefits when drug addiction and/or alcoholism is a contributing factor material to a disability claim. 42 U.S.C. §§ 423(d)(2)(C) and 1382(a)(3)(J); *Bustamante v. Massanari*, 262 F.3d 949 (9th Cir. 2001); *Sousa v. Callahan*, 143 F.3d 1240, 1245 (9th Cir.1998). If there is evidence of DAA and the individual succeeds in proving disability, the Commissioner must determine whether DAA is material to the determination of disability. 20 C.F.R. §§ 404.1535 and 416.935. If an ALJ finds that the claimant is not disabled, then the claimant is not entitled to benefits and there is no need to proceed with the analysis to determine whether substance abuse is a contributing factor material to disability. However, if the ALJ finds that the claimant is disabled, then the ALJ must proceed to determine if the claimant would be disabled if he or she stopped using alcohol or drugs.

### III.    Standard of Review

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND ORDER OF REMAND ~ 4**

limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (citation omitted). In determining whether this standard has been satisfied, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (citation omitted).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d at 1111. Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (internal citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## IV.    Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings, and only briefly summarized here. Plaintiff was born on March 22, 1972, and was 35 years-old as of his alleged onset date of disability. Tr. 373. At the hearing, Plaintiff testified he was living with his wife and her two children. Tr. 91. Plaintiff stopped attending school in the 9th grade, but did later obtain a GED. Tr. 83; 88. Plaintiff testified that he was physically and sexually abused at age five, and also

witnessed domestic violence involving his mother (who also suffered from substance abuse issues). Tr. 83-84. Plaintiff indicated that on one occasion he saw his mother shoot her then boyfriend, in Plaintiff's presence, at approximately age five. *Id.*

Plaintiff alleges he is unable to work due to mental impairments, specifically paranoia, not wanting to leave his bedroom, and feeling worthless. Tr. 86-88. Plaintiff reports abusing alcohol beginning at the age of 12 and having issues with drugs up until about two years before the hearing date. Tr. 84; 333.

Plaintiff's past relevant work includes: kitchen helper, material handler, paper inserter, and general laborer. Tr. 94.  Most recently, Plaintiff worked at Shari's Restaurant as a dishwasher from June 2006 – April 2007. Tr. 94; 246. Plaintiff ceased working after about 6-8 months on the job, either as a result of a failed drug test or a disagreement with his then supervisor. Tr. 70-71; 89.

## V.    The ALJ's Findings

The ALJ determined that Plaintiff was not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Act, and denied his application for DIB and SSI, protectively filed on August 27, 2008 and September 2, 2008. *See* ALJ's Decision, December 3, 2010. Tr. 16-29.

**At step one**, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since April 30, 2007, his alleged onset date. Tr. 22 (citing 20 C.F.R. §§ 404.1520(b), 404.1751 *et seq.*, 416.920(b) and 416.971 *et seq.*).

**At step two**, the ALJ found Plaintiff had the following severe impairments: poly-substance dependence, mood disorder not otherwise specified most likely secondary to alcohol and drug use, and anxiety disorder not otherwise specified secondary to methamphetamine use. Tr. 22 (citing 20 C.F.R. §§ 404.1520(c), and 416.920(c)).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND ORDER OF REMAND ~ 6**

**At step three**, the ALJ found that Plaintiff's impairments, including the substance abuse disorders, meet sections 12.04 (for affective disorders), 12.06 (for anxiety related disorders), and 12.09 (for substance addiction disorders) of the Listing of Impairments in 20 C.F.R. § 404, Subpt. P, App. 1 (20 C.F.R. §§ 404.1520(d) and 416.920 (d) (the "Listings'). Tr. 27. Accordingly, the Plaintiff was disabled.

The ALJ then reevaluated the sequential evaluation process parsing out the effects of Plaintiff's substance use.

**At the step two reevaluation**, the ALJ found that if the plaintiff stopped the substance abuse, the remaining limitations would cause more than a minimal impact on his ability to perform basic work activities; therefore, the Plaintiff would continue to have a severe impairment or combination of impairments. Tr. 28.

**At the step three reevaluation,** the ALJ found that if Plaintiff stopped the substance use, he would not have an impairment or combination of impairments that meets or medically equals any of the impairments listed in the Listings (20 C.F.R. §§ 404.1520(d) and 416.920(d)).

The ALJ then assessed Plaintiff's residual functional capacity, finding that:

> If the claimant stopped the substance use, the claimant would have the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: He is able to do simple, routine, repetitive tasks. He is able to interact with the public on a minimal basis, i.e., less than occasional.

Tr. 29 (citing 20 C.F.R. §§ 404.1520(e), 404.1545, 416.920(e), 416.945).

**At the step four reevaluation,** the ALJ found that Plaintiff was not disabled because if he stopped the substance abuse he would be able to perform past relevant work as dishwasher/kitchen helper, material handler, paper

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND ORDER OF REMAND ~ 7**

inserter/duplicating machine operator, and general laborer. Tr. 32 (citing 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f)).

As a result of these findings, the ALJ concluded that Plaintiff would not be disabled if he stopped substance use; thus, the Plaintiff's substance abuse disorder is a contributing factor material to the determination of disability. Tr. 33 (citing 20 C.F.R. §§ 404.1535 and 416.935). Accordingly, the ALJ determined that Plaintiff has not been disabled under the meaning of the Act from April 30, 2007, his alleged onset date, through December 3, 2010, the date of the ALJ's decision. Tr. 33.

## VI.    Issues for Review

Plaintiff argues that he is more limited from a psychological standpoint than was determined by the ALJ. ECF No. 16 at 11-19. Specifically, Plaintiff alleges the ALJ committed reversible error by (1) finding that there was no clean (sober) period of time to assess Plaintiff's impairments; (2) rejecting the opinion of Dr. Harmon; (3) rejecting the opinion of Ms. Smith; (4) conducting an improper DAA analysis; and (5) failing to find post-traumatic stress disorder ("PTSD") to be a step two severe impairment. ECF No. 16 at 10.  Defendant contends the ALJ (1) properly found a clean (sober) period of time to assess Plaintiff's impairments; (2) properly rejected Dr. Harmon's opinion; (4) conducted a proper DAA analysis; and (5) did not error by not finding PTSD to be a step two impairment. ECF No. 22 at 8-28. Defendant concedes that the ALJ erred on one reason for (4) rejecting Ms. Smith's opinion, but argues that this error was harmless and the other reasons for rejecting the opinion were germane. ECF No. 22 at 13-15.

///

///

///

///

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND ORDER OF REMAND ~ 8**

# VII.   Discussion

**A.    The ALJ Properly Evaluated Plaintiff's Mental Impairments**

**1.    Legal Standard – Medical Opinion Evidence**

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r of the Social Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755, (9th Cir. 1989).

In evaluating medical or psychological evidence, a treating or examining physician's opinion is entitled to more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with "clear" and "convincing" reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND ORDER OF REMAND ~ 9**

be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). An ALJ can satisfy this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating her interpretation thereof, and making findings. *Tommasetti v. Astrue*, 533 F.2d 1035, 1041 (9th Cir. 2008).

### 2.    Dr. Harmon's Opinion

The ALJ rejected Dr. Harmon's opinion stating that, "[D]r. McKnight [the non-examining psychological medical expert at the November 18, 2010 hearing] testified this was not an evaluation, noting that there was a claim of 6 months abstinence in that document, which is not supported in the record as a whole." Tr. 27; Tr. 77. Plaintiff contends that there was a six month period of abstinence and that rejecting Dr. Harmon's opinion on that ground constitutes reversible error. ECF No. 16 at 11.

Here, Dr. Harmon's opinion is contradicted by Dr. McKnight, thus in order to properly reject Dr. Harmon's opinion, the ALJ must provide specific and legitimate reasons for doing so. *See* Tr. 27; *Andrews*, 53 F.3d at 1043. In rejecting Dr. Harmon's opinion, the ALJ gave significant weight to Dr. McKnight's testimony which stated, "[Dr. Harmon's opinion] was not an evaluation, ... there was a claim of six months abstinence in that document [Ex. 2F/1], which is not supported in the record as a whole." Tr. 27. As Plaintiff correctly points out, the record does support a previous period of six months abstinence, though the exact time frame is unclear, insofar as it relates to the date of Dr. Harmon's opinion.

> It appears the only times of abstinence in the record involve the claimant's incarcerations in August 2007 to June 2008 (Exhibit 1F) and October 2009 to April 2010 (Exhibit 15F), and while involved in the 90 day inpatient treatment from December 2008 to March 2009 (Exhibits 5F and 10F).

Tr. 31.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND ORDER OF REMAND ~ 10**

Accordingly, the record does indicate whether there were periods of abstinence lasting at least 6 months. The problem, as both parties mention, is that Dr. Harmon's opinion (and reference to a period of six months of abstinence from drugs) occurred on August 20, 2008, some two months after the documented period of abstinence. Thus, there is no evidence that Plaintiff relapsed in the two months in between, but also no evidence that Plaintiff did not relapse within the applicable time frame. As this case must ultimately be remanded, the Court finds that the record on the six month period of abstinence needs to be more fully developed upon further review. *See DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991) ("The ALJ has a duty to develop the record . . . even when the claimant is represented by counsel.").

### 3. Legal Standard—"Other Source" Evidence

An ALJ may reject the opinion from "other sources" who are not considered "an acceptable medical source" by providing germane reasons for doing so. *Turner v. Comm'r of the Soc. Sec. Admin.*, 613 F. 3d 1217, 1223-1224 (9th Cir. 2010). Acceptable medical sources are found in 20 C.F.R. §§ 404.1513(a)(1)-(5), 416.913(a)(1)-(5) and other sources who are not acceptable medical sources are found in 20 C.F.R. §§ 404.1513(d)(1)-(4), 416.913(d)(1)-(4).

### 4. Ms. Smith's Opinion Was Improperly Rejected

Plaintiff contends that the ALJ improperly rejected Ms. Smith's opinion for three reasons—(1) by finding that Ms. Smith noted Plaintiff's problems were substance induced; (2) by stating that she was a "non-acceptable source"; and (3) by finding Ms. Smith's opinion to be contradictory to Dr. Everhart's on the issue of ability to perform simple instructions. ECF No. 16 at 12-13. Defendant asserts that the ALJ provided germane reasons to reject Ms. Smith's opinion while conceding that one reason—the finding that Ms. Smith noted Plaintiff's problems

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND ORDER OF REMAND ~ 11**

were substance induced—was in error. ECF No. 19 at 15. Defendant further asserts that his error was harmless. *Id.*

Ms. Smith, Master of Education, M.E.d., Licensed Mental Health Counselor (L.H.M.C.), completed a Washington State Department of Social and Health Services psychological/psychiatric evaluation form and a Mental Health Evaluation/Jail Services report on August 12, 2008. Tr. 319-322; 323-324. After testing, Ms. Smith assessed diagnoses of chronic PTSD, and Amphetamine Dependence in Early Full Remission in a Controlled Environment, along with associated marked and severe functional medical disorders and marked impairment of his ability to respond appropriately and tolerate the pressures and expectations of a normal work setting. Tr. 320-324. She further opined that Plaintiff had a global assessment of functioning ("GAF") score of 37. Tr. 321.

Here, Ms. Smith is an "other source" for the purposes of the Social Security Regulations. 20 C.F.R. §§ 404.1513(a)(1)-(5), 416.913(a)(1)-(5); 20 C.F.R. §§ 404.1513(d)(1)-(4), 416.913(d)(1)-(4). Defendant concedes that the ALJ erred in rejecting Ms. Smith's opinion on the basis that she noted his problems were substance induced because this was not a part of her report. Tr. 32; 320. The other two reasons Ms. Smith's opinion was rejected found that (1) she is a non-acceptable medical source and, (2) Dr. Everhart opined that Plaintiff was capable of performing simple instructions. Rejecting Ms. Smith's opinion solely because she was a non-acceptable medical source is not a germane reason. *See Bailey v. Astrue*, 725 F. Supp. 2d 1244, 1255 (E.D. Wash. 2010). Rejecting Ms. Smith's opinion because a clinical psychologist opined Plaintiff could perform simple instructions would be a germane reason to reject the opinion; however, Ms. Smith did not opine that Plaintiff could not perform simple instructions. Tr. 321. In fact, Ms. Smith opined that Plaintiff had moderate limitations in his ability to perform simple instructions. Tr. 321. Defendant urges the Court to parse the intention of the

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND ORDER OF REMAND ~ 12**

ALJ regarding the true point she was trying to make in relation to Plaintiff's ability to follow simple instructions. However, this Court declines to do so. It is improper because "[a]ccording to the Ninth Circuit, "[l]ong standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1226-27 (9th Cir. 2009) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)).

  With Defendant conceding one ground for rejecting Ms. Smith's opinion was improper, another reason not being legally germane standing alone, and the final reason requiring the Court to intuit the ALJ's true intentions, the Court finds that the ALJ did not properly consider the opinion of Ms. Smith because the ALJ did not provide germane reasons to reject it.

  **5.**  **Rejecting Ms. Smith's Opinion Was Not Harmless Error**

  An error may be considered harmless where it "occurred during an unnecessary exercise or procedure;" is non-prejudicial to the Plaintiff; is considered irrelevant to the determination of non-disability; or if the reviewing court can "confidently conclude" that no reasonable ALJ could have reached a different disability determination if erroneously disregarded testimony was credited. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006).

  This error was prejudicial to Plaintiff and therefore not harmless. The ALJ's first stated reason for rejecting Ms. Smith's opinion is that she noted Plaintiff's problems were substance abuse related, when she, in fact, did not note that. *See* Tr. at 321. It is impossible to know how much this incorrect finding played into her consideration of Ms. Smith's opinion, which could have, in turn, had an impact on the ultimate finding of not disabled. Further, when the ALJ states that Dr. Everhart opined that Plaintiff was capable of performing simple instructions, this is not

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND ORDER OF REMAND ~ 13**

directly contradictory of Ms. Smith's opinion. This is also prejudicial to Plaintiff because the ALJ must articulate germane reasons to reject the opinion of Ms. Smith. *See Jager v. Barnhart*, 192 Fed. Appx. 589, 591 (9th Cir. 2006) (remanding for further administrative proceedings at least in part because the ALJ erred in giving no weight to an "other source," a mental health therapist).

**B.      The ALJ's DAA Analysis**

If the ALJ develops the record further on Dr. Harmon's opinion and/or decides to credit Ms. Smith's opinion, she must conduct a new DAA analysis.

**C.      Was PTSD a Step Two Impairment?**

Plaintiff's argument surrounding PTSD as a Step Two Impairment also implicates the opinions of Dr. Harmon and Dr. McKnight. Accordingly, after reconsidering their opinions, the ALJ must conduct this analysis anew if the afore-mentioned opinions are afforded more weight on remand.

## VIII.  Conclusion

Based on the foregoing, the Court finds the Commissioner's decision is not free of legal error or supported by substantial evidence. Therefore, the case is reversed and remanded to the Commissioner for further proceedings not inconsistent with the Court's instructions noted above.

Accordingly, **IT IS HEREBY ORDERED**:

1.  Plaintiff's Motion for Summary Judgment, ECF No. 16, is **GRANTED.**

2.  Defendant's Motion for Summary Judgment, ECF No. 19, is **DENIED.**

3. The Commissioner's decision denying Plaintiff benefits is **REVERSED**, and this case is **REMANDED** for further proceedings consistent with this Order.

4. The District Court Executive is directed to enter judgment in favor of Plaintiff and against Defendant.

///

///

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND ORDER OF REMAND ~ 14**

5. An application for attorney's fees may be filed by separate motion.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 18th day of August, 2014.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND ORDER OF REMAND ~ 15**